```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
NORMAN S. HOWARD, PATRICK S. WATSON,                      :   12cv4069    12cv4699
BLAKE WINGATE, DARREN STATON, NAVARRO                     :   12cv4080    12cv4700
JOHNSON, CHRISTIAN T. MARTINEZ, ISLIME                    :   12cv4169    12cv4803
DUVIVIER, FRANCISCO FERREIRA, JOSEPH                      :   12cv4170    12cv4813
OPPERISANO, WINSTON COWELL, ROGER SMITH,                  :   12cv4266    12cv4896
JOHN ENGLAND, CALVIN ELLIS, DARREN MACK,                  :   12cv4274    12cv4961
ALEX WILSON, MOSES SUAREZ, ONETT D. BROWN,:                   12cv4275    12cv5127
HIRAM FELICIANO, GLENN CAMPBELL,                          :   12cv4299    12cv5128
FRANCISCO AMADOR, SHASHKOV KONSTANTIN,                    :   12cv4302    12cv5129
WILLIAM VIELMAN, RALPHIE E. HAYES, ANDRE                  :   12cv4306    12cv5131
LIVINGSTON WILLIAMS, FREDERICK ROBERSON,                  :   12cv4307    12cv5132
WAYNE SULLIVAN, RAYMOND L. EDWARDS,                       :   12cv4346    12cv5133
DEMETRIUS LOVING, MIKE HOLMES, ROBERT                     :   12cv4347    12cv5134
FLEMING, DAVID SOTO, WILLIE VEGA, TROY                    :   12cv4382    12cv5155
VALENTINE, ITTIAH MOGAI, ARTHUR STEWART,                  :   12cv4383    12cv5253
ROBERT DRAGOTI, ERNEST LANGSTON,                          :   12cv4393    12cv5402
ANTHONY WHITE, ANGEL ESPADA, ROBERT                       :   12cv4394    12cv5404
JOHNSON, REGINALD MILTON, RICHARD                         :   12cv4396    12cv5416
MARTINEZ, JR., RICHARD WEBB, KENDALL                      :   12cv4457    12cv5517
HAYES, MICHAEL STRAKER, NESTOR SANCHEZ,                   :   12cv4517    12cv5520
DAMILOLA ANIMASHAUN, ARTHUR JACK, WILLIE                  :   12cv4523    12cv5668
BOWMAN, FRANK TRIFILIO, JASON WILLIAMS,                   :   12cv4524    12cv5681
BRANAN BOSTON, JOSE VAZQUEZ, RAHEEM                       :   12cv4532    12cv5687
WATSON, JAMAL ARMSTEAD, HOWARD POWELL,                    :   12cv4533    12cv5691
GEORGE ETIENNE, RAYMOND MAXWELL, ALAN                     :   12cv4630    12cv5695
PEREZ, RASHEEN EVERETT, ANTHONY CRUZ,                     :   12cv4634    12cv5760
ANTHONY PINDER, and BENNY DAVIS,                          :   12cv4638    12cv5768
                                                          :   12cv4670    12cv5856
                            Plaintiffs,                   :   12cv4671    12cv5867
              -v-                                         :   12cv4694    12cv5868
                                                          :   12cv4698    12cv5870
                                                          :              12cv5872
                                                          :
CITY OF NEW YORK et al.,                                  :
                                                          :
                            Defendants.                   :
                                                          :   OPINION & ORDER
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 20, 2012 Report and Recommendation of Magistrate Judge James C. Francis IV, recommending that the Court dismiss plaintiffs' complaints for failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in full as to all plaintiffs.

## I.   Background

The 63 *pro se* plaintiffs identified above bring similar lawsuits pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), Correction Commissioner Dora B. Schriro, Mayor Michael Bloomberg, and Dr. Jean Richards of Corizon (a correctional healthcare services provider). The plaintiffs, who are or were inmates or detainees in the custody of the New York City Department of Correction at the Anna M. Kross Center on Rikers Island ("AMKC"), allege violations of their Eighth Amendment rights and seek injunctive relief as well as compensatory and punitive damages. They allege that they have not been provided with proper beds, which has caused lower back, neck, and leg pain, as well as emotional distress. *See* Report 5 (summarizing claims).

On August 27, 2012, the City moved to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, No. 12 Civ. 4069 (PAE)(JCF), Dkt. 16–18. Only one of the 63 plaintiffs—Raheem Watson— opposed the motion to dismiss. *See* No. 12 Civ. 5687, Dkt. 13. On December 20, 2012, Judge Francis issued the Report, recommending that the City's motion to dismiss the complaints be granted because all 63 complaints failed to state a claim on which relief could be granted. *See, e.g.*, No. 12 Civ. 4069 (PAE)(JCF), Dkt. 22. The deadline for plaintiffs to file objections to the Report was January 3, 2012. None of the 63 plaintiffs filed objections. Two filed amended complaints.

**II.     Discussion**

    **A.  Standard of Review**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

    **B.  Non-Objecting Plaintiffs**

Because none of the 63 plaintiffs here have submitted objections to the Report, a review for clear error is appropriate.  Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report 25, these plaintiffs failure to object operates as a waiver of appellate review.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

The Court emphasizes that in adopting the Report, it is also adopting Judge Francis's recommendation that plaintiffs be granted permission to amend their complaints to state a claim, if the facts so permit, of an Eighth Amendment violation. *See* Report 23–24.  To do so, a plaintiff must allege that "(1) he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and

3

(4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Id.* at 24 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002)). Plaintiffs may file, with the Pro Se Office, an amended complaint that plausibly makes out the elements of a constitutional violation.[1] Plaintiffs are advised that any such complaint, to be viable, must allege the elements of municipal liability or the personal involvement of the individual named defendant(s). The requirements to adequately plead such claims are set out in Judge Francis's Report. *See* Report 21–23.

### C. Amended Complaints

Two plaintiffs, Langston and Straker, have already filed amended complaints in response to the Report. *See* No. 12 Civ. 4961 (PAE)(JCF), Dkt. 18 ("Langston Am. Compl."); No. 12 Civ. 5155 (PAE)(JCF), Dkt. 27 ("Straker Am. Compl."). Because the Court adopts the Report and because the Report allowed plaintiffs a final opportunity to amend their pleadings, the Court accepts these amended complaints for filing.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full as to all of the plaintiffs listed above except Langston and Straker. Those 61 plaintiffs' complaints are hereby DISMISSED with leave to file an amended complaint. The Clerk of Court is directed to terminate any motion to dismiss pending in the cases listed above, and to close all of the cases

---

[1] The Court notes that in 13 of these cases—case numbers 12 Civ. 4457, 12 Civ. 4532, 12 Civ. 4638, 12 Civ. 4700, 12 Civ. 4961, 12 Civ. 5127, 12 Civ. 5129, 12 Civ. 5404, 12 Civ. 5668, 12 Civ. 5681, 12 Civ. 5687, 12 Civ. 5691, and 12 Civ. 5872—there is no record on ECF of whether the Report was, in fact, mailed to the plaintiff. The Court therefore is constrained to assume that such a mailing did not occur. Because all 63 plaintiffs have the opportunity to amend their complaint in response to this Opinion so as to properly allege a constitutional claim, these 13 plaintiffs were not prejudiced by lack of notice of the Report.

except Nos. 12 Civ. 4961 and 12 Civ. 5155.  The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

The Court accepts for filing Langston and Straker's amended complaints.  The City's motion to dismiss— No. 12 Civ. 4961 (PAE)(JCF), Dkt. 19; No. 12 Civ. 5155 (PAE)(JCF), Dkt. 24— is denied as moot.  Defendants are directed to respond to the two amended complaint.

Finally, the Clerk of Court is respectfully directed to serve this Opinion and Order on each of the plaintiffs named in the caption at his address of record.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 11, 2013
       New York, New York

5